UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.  03-CR-60024-03 |
| | CIVIL NO. 08-CV-0755 |
| VERSUS | JUDGE MELANÇON |
| JOHN PAUL ANTHONY | MAGISTRATE JUDGE METHVIN |

**RULING AND NOTICE THAT PETITIONER'S MOTION TO VACATE
JUDGMENT PURSUANT TO RULE 60 WILL BE CONSTRUED
AS A MOTION PURSUANT TO 28 U.S.C. § 2255**
*(Rec. Doc. 258)*

*Background*

Following a jury trial, petitioner was convicted of conspiracy to possess with intent to distribute over five (5) kilograms of cocaine and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  The judgment was entered on April 27, 2005 (Rec. Doc. 196).  Petitioner was sentenced to a term of 137 months in prison and 5 years of supervised release.  The conviction and sentence were affirmed on October 16, 2006 (Rec. Docs. 197, 233).

Before the court is petitioner's *pro se* motion to vacate judgment filed on May 27, 2008, pursuant to Rule 60(b)(4) and (b)(5) (Rec. Doc. 258).  Petitioner argues that his conviction and sentence are void under U.S. v. Booker, 543 U.S. 220, 224, 125 S.Ct. 738, 744 (2005), and the Fifth and Sixth Amendments.

Rule 60 provides in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion
and just terms, the court may relieve a party or its legal representative from a final
judgment, order, or proceeding for the following reasons:

* * * *

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . .

Fed. R. Civ. P. 60(b)(4), (b)(5).

Rule 60 is inapplicable to criminal cases, and petitioner's motion is properly construed as a motion pursuant to 28 U.S.C. § 2255. "Rule 60(b) provides relief from judgment in civil cases, not in criminal cases." U.S. v. Williams,, No. 07-30640, 2008 WL 1745192, 1 (5th Cir. April 15, 2008) *citing* United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir.1999).

In Castro v. U.S., 540 U.S. 375, 382, 124 S.Ct. 786, 792 (2003), the Supreme Court held that when a district court recharacterizes a pro se pleading as an initial § 2255 motion, the court must do the following:

> (1) notify the pro se litigant that it intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and (3) provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

540 U.S. at 383, 124 S.Ct. at 792. The consequence of a district court's failure to fulfill these three requirements is that "the [original] motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id. *See also* McDaniel v. U.S., No. 05-10120, 242 Fed. Appx. 217, 218 (5th Cir. Sept. 11, 2007).

Considering the foregoing, petitioner is **HEREBY NOTIFIED** that his motion will be construed under 28 U.S.C. § 2255. Petitioner may amend the petition to include any additional habeas corpus claims not already raised and which would be barred in a subsequent successive habeas corpus petition, or he may withdraw this motion. Accordingly,

3

**IT IS HEREBY ORDERED** that petitioner may either amend his petition **within thirty (30) days of the date of this order** to include any additional habeas corpus claims not already raised, if any there be, or alternatively may withdraw this motion **within thirty (30) days of the date of this order.**

Signed at Lafayette, Louisiana, on June 23, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)