UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 03-60024-03 |
| | CIVIL NO. 08-755 |
| VERSUS | JUDGE MELANCON |
| JOHN PAUL ANTHONY | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

John Paul Anthony filed a "Motion to Vacate Void Judgment" on May 27, 2008.[1] After review, the court construed the motion as one pursuant to 28 U.S.C. §2255, and gave petitioner multiple notices and opportunities to amend the petition to include "any additional habeas corpus claims not already raised and which would be barred in a subsequent successive habeas corpus petition" or to withdraw his petition.[2] On December 9, 2009, petitioner send a letter to the clerk asking that his "motion under 2255" and an updated docket sheet be forwarded to him.[3] Thus, while Anthony received notice and considered his petition one under 28 U.S.C. §2255, he has not amended or withdrawn his petition. The government was not noticed and thus has filed no response.

*Background and Argument*

Anthony was found guilty of court one of an indictment charging him with

---

[1] Rec. Doc. 258.

[2] Rec. Docs. 260, 263, and 264.

[3] Rec. Doc. 271.

1

conspiracy to possess with intent to distribute over five (5) kilograms of cocaine and marijuana in violation of 21 USC §§846 and 841(b)(1)(A).[4]  On April 14, 2005, he was sentenced to 137 months imprisonment, to commence on March 23, 2007, or the date defendant was released from the custody of Texas State Department of Corrections, whichever date occurred first.[5]  On April 20, 2005, Anthony appealed his conviction to the Fifth Circuit, which found his "sole contention [on appeal] is that the evidence at trial was insufficient to establish that he knew his actions were in furtherance of a drug conspiracy."[6]  The Fifth Circuit affirmed his conviction on September 21, 2006.[7]  On May 27, 2008, Anthony filed the instant motion to vacate, in which he argues his sentence is "void" as it was imposed under the United States Sentencing Guidelines, which he argues were ruled invalid in United States v. Booker, 543 U.S. 220 (2005), which was decided January 12, 2005.  Anthony also appears to challenge the imposition of supervised release.

## *Law and Analysis*

Title 28 U.S.C. §2255 provides a 1-year statute of limitations which is generally reckoned from "the date on which the judgment of conviction becomes final. . . ." See 28

---

[4]Rec. Doc. 169.

[5]Rec. Doc. 196.

[6]Rec. Doc. 233.

[7]Rec. Doc. 233.

U.S.C. §2255(f)(1). Anthony appealed his conviction, and the Fifth Circuit affirmed on September 21, 2006.[8] Where, as here, the party seeking to challenge his sentence under § 2255 did not file a petition for a writ of certiorari with the Supreme Court as part of his direct appeal, the conviction becomes final when the time for filing a petition for certiorari, 90 days, expires. Clay v. United States, 537 U.S. 522, 525 (2003); U.S. v. Plascencia, 537 F.3d 385, 389 (5th Cir. 2008). Thus, Anthony's conviction became final on December 21, 2006, and pursuant to 28 U.S.C. §2255(f)(1), he had until December 21, 2007, to file his petition for habeas relief. However, the petition was not filed until May 27, 2008. Thus, it is untimely and subject to dismissal on that basis unless the time period has been tolled.

A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, —S.Ct.—, 2010 WL 2346549 (June 14, 2010), citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct.1807, 1814 (2005). Anthony has not alleged any facts showing he pursued his rights diligently, or that some extraordinary circumstance prevented his timely filing the petition. Of course, petitioner may object to this Report and Recommendation as outlined below. Should he do so, he can allege facts and submit proof in support of those allegations to establish that his petition is either not time-barred or, time-barred but subject to equitable tolling.

---

[8]Rec. Doc. 233.

3

Therefore, considering the foregoing,

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that John Paul Anthony's Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 [rec. doc. 258] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Lafayette, Louisiana, this 12th day of July, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)